UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

CHARLES DEON MILLER                    CIVIL ACTION NO. 16-cv-1030

VERSUS                                 JUDGE FOOTE

JULIAN WHITTINGTON, ET AL              MAGISTRATE JUDGE HORNSBY

**REPORT AND RECOMMENDATION**

**Introduction**

Charles Deon Miller ("Plaintiff"), who is self-represented, is a prisoner who was formerly housed at the Bossier Medium Correctional Center. He filed this action against Sheriff Julian Whittington and three of his deputies based on allegations of exposure to black mold and unsanitary conditions that he claims caused him to have a chronic cough and allergy symptoms. Before the court is Defendants' Motion to Dismiss (Doc. 28) on the grounds that Plaintiff did not comply with a court order that he respond to discovery requests. For the reasons set forth below, it is recommended that the motion be granted and Plaintiff's complaint be dismissed.

**Failure to Respond to Discovery**

After Plaintiff filed his complaint, the court conducted an initial review and directed that the defendants be served with the complaint and defend against its allegations. Defendants did so, and their defense efforts included serving Plaintiff with interrogatories and requests for production of documents. The discovery asked for basic matters such as

the location of the alleged black mold, names of witnesses to exposure, documentation of complaints about mold, a description of related medical problems, and the like.

Defendants served Plaintiff with the discovery requests on April 17, 2017. Plaintiff was allowed 30 days to serve responses. Defendants did not receive any responses, even more than 30 days past the original 30-day deadline, so they filed a motion to compel. The court issued an order (Doc. 22) that granted the motion to compel and directed Plaintiff to provide full and complete responses to the written discovery by July 14, 2017. Defendants requested and were granted extensions of their dispositive motion deadline to allow them time to review the anticipated discovery responses before they prepared a motion for summary judgment.

Defendants represent that, despite the court order, no responses were ever received. They then filed the motion to dismiss that is now before the court. That motion was noticed for briefing in November 2017, but Plaintiff has not filed a response. (That may be due, at least in part, to Plaintiff's failure to inform the court of an address change, which will be addressed below).

Federal Rule of Civil Procedure 37(b)(2)(A) provides that the court may issue sanctions, including dismissal of an action, if a party fails to obey an order to provide or permit discovery. It is "firmly established" that a district court is authorized under the rule to dismiss a complaint with prejudice when a party refuses to obey a valid discovery order. Batson v. Neal Spelce Associates, Inc., 765 F.2d 511, 514 (5th Cir. 1985). A dismissal with prejudice for violation of a discovery order is permitted if: (1) the refusal to comply results from willfulness or bad faith and is accompanied by a clear record of delay or

contumacious conduct; (2) the violation is attributable to the client instead of his attorney; (3) the misconduct substantially prejudices the opposing party; and (4) a less drastic sanction would not substantially achieve the desired deterrent effect. FDIC v. Conner, 20 F.3d 1376, 1380-81 (5th Cir. 1994).

The docket sheet indicates that items recently mailed to Plaintiff have been returned as undeliverable because Plaintiff has not kept the court informed of his current address. That was not the case, however, when the discovery request, the motion to compel, and the order granting the motion to compel were issued. There is no indication that those items were returned or that Plaintiff did not receive them. Plaintiff has had several months to comply with the order, but there is no indication that he made any effort to comply or otherwise communicate with defense counsel about his unexplained delay. Plaintiff is self-represented, so he cannot blame an attorney for the delay. The lack of the basic discovery information prejudices the defendants in their efforts to prepare a defense, and there is no indication that a less drastic sanction, especially with a pauper plaintiff, would result in compliance or achieve the desired deterrent effect. Considering all of these factors, dismissal with prejudice for violation of the discovery order is warranted.

**Failure to Provide Current Address**

Dismissal is also warranted based on Plaintiff's failure to keep the court informed of his current address. The form that Plaintiff used to file his original complaint included a representation that: "I understand that is (sic) I am transferred or released, I must apprise the Court of my address, and my failure to do so may result in this complaint being dismissed." Doc. 1. The court later issued an order (Doc. 12) that stated: "All parties shall

have the responsibility of promptly reporting to the court and to all other parties any change in the mailing address. Failure to do so shall be considered grounds for dismissal or other appropriate sanctions." The order is consistent with the command of Local Rule 11.1 that: "Each attorney and pro se litigant has a continuing obligation to apprise the court in writing of any address change." And Local Rule 41.3 authorizes the court to dismiss an action when notices are returned for reason of an incorrect address and no correction is made within 30 days.

Soon afterward the complaint was filed, mail from the court addressed to Plaintiff at the Bossier Medium Correctional Center began to be returned. A member of the Clerk of Court staff used an online resource to determine that Plaintiff may have been transferred to the Union Parish Detention Center, and she mailed the returned items to that facility. Plaintiff later wrote from that facility, and his address was updated on the docket sheet. He was mailed copies of the orders that had been returned.

Mail sent to Plaintiff at the Union Parish Detention Center was received for a few months, but in October 2017 an order was returned marked Return to Sender, Not Deliverable as Addressed, Unable to Forward." Doc. 27. The notice of motion setting that issued in connection with this motion was similarly returned. Doc. 30. Where a litigant has been warned that dismissal may result from a failure to notify the district court of an address change, the failure to do so, beyond being in violation of a court order, "may be considered by the district court as ... cause for dismissal for failure to prosecute." Lewis v. Hardy, 248 Fed. Appx. 589, 593 n.1 (5th Cir. 2007). The court has no idea of Plaintiff's current address, as he has failed to keep the court apprised of it as required by the court's

order and local rule. Perhaps Plaintiff has lost interest in the case or has merely been negligent in looking after his affairs. In any event, the court need not expend resources on a case in which it has no means of contacting the plaintiff or obtaining the plaintiff's participation in the litigation. Dismissal is warranted in this case both for failure to comply with the discovery order and for failure to prosecute. Honore v. Christian, 2005 WL 1330152, *3 (W.D. La. 2005).

Accordingly,

**IT IS RECOMMENDED** that Defendants' **Motion to Dismiss (Doc. 28)** be **granted** and that Plaintiff's complaint be **dismissed with prejudice** for failure to comply with a discovery order.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to

proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 9th day of January, 2018.

Mark L. Hornsby
U.S. Magistrate Judge